# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Adrien Joshua Espinoza, | No. CV-17-03983-PHX-ROS (JFM) |
| Plaintiff, | **ORDER** |
| v. | |
| Charles L Ryan, et al., | |
| Defendants. | |

Plaintiff alleges that Defendants have interfered with receipt of his mail and have been deliberately indifferent to a cockroach infestation in his cell. While seven Defendants filed their Answer on September 24, 2018 (Docs. 31, 37), Defendants Curran and Quintero did not. Thereafter, Plaintiff sought and received an entry of default (Doc. 45), which Defendants Curran and Quintero move to set aside (Doc. 47). The Magistrate Judge issued a report and recommendation that their motion be granted, (Doc. 61), which this Court "may accept, reject, or modify, in whole or in part." 28 U.S.C. § 636(b). Because Plaintiff filed timely objections to the report and recommendation, (Doc. 63), this Court's review of the report and recommendation must be de novo. 28 U.S.C. § 636(b).

Defendants argue that default should be set aside because the Arizona Attorney General inadvertently failed to follow up to confirm whether Curran and Quintero would accept the proposed joint representation agreement (Doc. 47). As soon as defense counsel realized that Curran and Quintero had not responded, they obtained their consent to joint representation. The Court may set aside an entry of default if good cause is shown. Fed.

R. Civ. P. 55(c). In determining whether good cause has been shown, the Court considers: 1) whether there was culpable conduct on the part of the defendant; 2) whether any meritorious defenses are available, and 3) whether there is any prejudice to the plaintiff. *United States v. Signed Personal Check No. 730 of Yubran S. Mesle ("Mesle")*, 615 F.3d 1085, 1091 (9th Cir. 2010). "[J]udgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits." *Id.* at 1091.

### A.   Culpable Conduct

"A defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action *and intentionally* failed to answer." *Id.* at 1092 (citation omitted) (emphasis in original). "[I]n this context the term 'intentionally' means that a movant cannot be treated as culpable simply for having made a conscious choice not to answer; rather, to treat a failure to answer as culpable, the movant must have acted with bad faith, such as an intention to take advantage of the opposing party, interfere with judicial decision making, or otherwise manipulate the legal process." *Id.*

Here, there is no basis to conclude that the failure to file an answer was intentional and, instead, was an unintentional oversight caused by "carelessness." Although the Court does not welcome careless conduct, those actions do not amount to "bad faith [with] an intention to take advantage of the opposing party, interfere with judicial decision making, or otherwise manipulate the legal process." *Mesle*, 615 F.3d at 1091. This factor, therefore, weighs in favor of setting aside default.

### B.   Meritorious Defense

Second, the Court considers whether Defendants have an available "meritorious defense." *See id.* at 1094. To establish that a meritorious defense exists, Defendants must allege specific facts that would constitute a defense. *Id.*

Defendants assert multiple potentially meritorious defenses: (1) that they did not personally participate in any unconstitutional conduct, (2) that Defendants are not

responsible for preventing Plaintiff from receiving his mail, and (3) that Curran lacked subjective awareness of a risk to Plaintiff's health in Count Six.

### C. Prejudice to the Plaintiff

Lastly, the Court considers whether setting aside the entry of default would be prejudicial to Plaintiff. "To be prejudicial, the setting aside of a judgment must result in greater harm than simply delaying resolution of the case." *Id.* at 1095 (citation omitted).

Here, there is prejudice to Plaintiff. The delay has been minimal, and no evidence suggests that Plaintiff's ability to pursue his claim will be hindered. This factor, therefore, also weighs in favor of setting aside default.

Accordingly, the Court agrees the entry of default should be set aside, the Report and Recommendation will be adopted, Defendants' Motion to Set Aside Default will be granted, and Defendants' lodged joinder to the remaining Defendants' Answer will be filed.

Accordingly,

**IT IS ORDERED** the December 6, 2018 Report and Recommendation (Doc. 61) is **ADOPTED**.

**IT IS FURTHER ORDERED** Defendants' Motion to Set Aside Default (Doc. 47) is granted.

**IT IS FURTHER ORDERED** Defendants' lodged Joinder to the Answer at Doc. 48 must be filed.

Dated this 12th day of April, 2019.

Honorable Roslyn O. Silver
Senior United States District Judge