**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Adrien Joshua Espinoza, | No. CV-17-03983-PHX-ROS (JFM) |
| Plaintiff, | **ORDER** |
| v. | |
| Charles L Ryan, et al., | |
| Defendants. | |

On October 24, 2019, the Court denied Plaintiff's appeals of numerous decisions by the Magistrate Judge. In doing so, the Court noted "Plaintiff has filed repetitive motions for reconsideration, baseless appeals of orders issued by the Magistrate Judge, and 'objections' to orders issued by the undersigned." (Doc. 174 at 3-4). Because those filings lacked merit, the Court threatened sanctions if Plaintiff continued to make such filings. (Doc. 174). After that Order, Plaintiff filed a motion for reconsideration, arguing it was "totally unfair" to threaten sanctions because Plaintiff "does not know which [filings] might be vital and meritorious, and which might be perceived as 'frivolous.'" (Doc. 179). Plaintiff also filed a "Motion for Change of Judge" arguing the reference to possible sanctions was "uncalled for and an abuse of discretion." (Doc. 178 at 1). Therefore, Plaintiff believes he is entitled to "a change of judge."

Dealing first with the motion for reconsideration, Plaintiff has not established any basis for relief. All litigants must comply with the same rules and procedures for litigating cases. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow

the same rules of procedure that govern other litigants."). Thus, Plaintiff—just like every other party—is subject to sanctions pursuant to Federal Rule of Civil Procedure 11 should the Court conclude his filings were frivolous. *See Warren v. Guelker*, 29 F.3d 1386, 1390 (9th Cir. 1994) (noting Rule 11 sanctions can be imposed on pro se plaintiff). Plaintiff is also subject to 28 U.S.C. § 1927 should he multiply these proceedings "unreasonably and vexatiously." *Wages v. I.R.S.*, 915 F.2d 1230, 1235-36 (9th Cir. 1990) (holding "[s]ection 1927 sanctions may be imposed upon a pro se plaintiff"). Because Plaintiff is entitled to the same treatment as all other litigants, his motion for reconsideration will be denied.

As for Plaintiff's request for a change of judge, Plaintiff has not identified the legal basis for his request. Plaintiff appears to believe the Court is biased or prejudiced against him. Pursuant to 28 U.S.C. § 455, the Court must recuse "only if the bias or prejudice stems from an extrajudicial source and not from conduct or rulings made during the course of the proceeding." *Toth v. Trans World Airlines, Inc.*, 862 F.2d 1381, 1388 (9th Cir. 1988). The Court's mention of sanctions stemmed solely from Plaintiff's behavior during his cases. There is no basis for recusal.

Accordingly,

**IT IS ORDERED** the Motion for Change of Judge (Doc. 178) is **DENIED**.

**IT IS FURTHER ORDERED** the Motion for Reconsideration (Doc. 179) is **DENIED**.

Dated this 26th day of November, 2019.

Honorable Roslyn O. Silver
Senior United States District Judge