**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Adrien Joshua Espinoza,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>David Shinn, et al.,<br><br>　　　　　Defendants. | No. CV-17-03983-PHX-ROS<br><br>**ORDER** |

　　　　Plaintiff Adrien Joshua Espinoza ("Espinoza") commenced this action in 2017. Despite repeated cautions that failure to comply with discovery obligations could result in sanctions including dismissal, and allowances for Espinoza's mental health, he has never appropriately responded to Defendants' discovery requests. (Docs. 102, 169.) Defendants have now moved for dismissal sanctions, Doc. 181, and Magistrate Judge James F. Metcalf recommends the motion be granted and the action be dismissed without prejudice. (Doc. 192.) The recommendation will be adopted.

## BACKGROUND

　　　　The factual background is set forth in detail in the Report and Recommendation ("R&R"). Espinoza objected to many of the facts set forth in the R&R, but generally did not identify the factual or legal basis for his objections. As the recommended relief is dispositive, the Court reviews de novo the portions of the R&R that have been properly objected to. Fed. R. Civ. P. 72(b)(3).

　　　　Espinoza commenced this case on October 27, 2017, and upon screening the Court

found that Espinoza sufficiently stated two claims, a First Amendment mail and retaliation claim regarding retaliatory prohibitions on Espinoza's receipt of publications, and an Eighth Amendment claim regarding cockroaches in Espinoza's cell. (Doc. 17 at 13.) In September 2018 the Magistrate Judge issued a scheduling order, and Defendants served discovery requests on Espinoza on January 14, 2019.

On February 7, 2019, the Magistrate Judge concluded that Espinoza was not capable of pursuing litigation, due to his placement on persistent mental health watch and in a mental health unit, and vacated all deadlines. (Doc. 67.) On May 7, 2019, after Defendants reported Espinoza was no longer on a mental health watch, and after Espinoza filed a series of motions and objections, the Magistrate Judge concluded Espinoza was "prepared to continue litigating this case, and the reasons for holding the matter in abeyance no longer apply," and reset the litigation schedule. (Doc. 93.)

When Espinoza failed to respond to Defendants' discovery requests, Defendants filed a motion to compel. (Doc. 101.) The Magistrate Judge "perceive[d] that the intervening stay of proceedings may have impacted [Espinoza's] understanding of the deadlines for responding," and denied the motion to compel without prejudice. (Doc. 102 at 2.) Espinoza was given until June 28, 2019 to respond, but was cautioned "that aside from being subject to an award of expenses (including attorneys fees) in the event a motion to compel is granted, his failure to comply with an order compelling discovery may result in a variety of sanctions, up to and including dismissal of this action." (Doc. 102 at 3.)

On July 12, 2019, Espinoza filed a document titled "Notice of Service/Motion for Appointment of Counsel," which begins "Plaintiff notifies the Court he is E-filing defendants' Interrogatories and Requests for Production on 6/26/19." (Docs. 119, 20.) This three-page document had a signature and a certificate of service, dated June 26, 2019. (Doc. 119 at 3.) Appended to the document were copies of Defendants' Interrogatories with hand-written objections and responses, but no signatures, and no certificates of service. (Docs. 119, 120.)

On August 5, 2019, Defendants filed a motion to compel. (Doc. 136.) The

Magistrate Judge granted the motion, finding Espinoza failed to respond to the discovery requests because his "supposed responses" were filed two weeks later, and were therefore untimely; he failed to sign his responses; and the responses were unresponsive, in part because they failed to specifically identify documents. (Doc. 169.) The Magistrate Judge specifically addressed Espinoza's "proffer[] to send his 'stack of documents' for Defendants to copy and return." (Doc. 169 at 4.) The Magistrate Judge warned Espinoza that it "is generally not sufficient to simply produce a 'stack of documents' and leave it to Defendants to discern which documents relate to which request" because discovery "must be produced in a responsive manner, *i.e.* with the response to each request designating the documents being produced in response." (Doc. 169 at 4.) The Magistrate Judge ordered Espinoza to "specifically identify for each request which documents or sub group of documents i[s] offered in response" in his responses to the requests for production and gave Espinoza 21 days to fully respond to the requests. (Doc. 169 at 4.) Finally, the Magistrate Judge cautioned Espinoza that "failure to fully and adequately respond to the discovery requests will result in sanctions, including . . . dismissing the action or proceeding in whole or in part." (Doc. 169 at 5.)

Espinoza appealed that order to the Court, which denied the appeal and cautioned him that he "must comply with the Magistrate Judge's order regarding the discovery sought by Defendants." (Docs. 171, 174.) Espinoza moved for reconsideration, and that motion was denied. (Docs. 179, 188.)

On the same date his appeal was denied, October 24, 2019, Espinoza filed a one-page Notice of Service, stating "Defendants['] Interrogatories and Requests for Production were sent to Defendants 10/22/19," Doc. 176, as well as a motion for an extension of time "to file the remainder of his Interrogatories and Requests for Production," Doc. 175. Defendants responded to the extension motion, stating that on October 25, 2019 they received "the same interrogatory responses that Espinoza had previously served" and "three manila envelopes, stuffed with hundreds of pages of completely disorganized papers . . ., but no written response to their Requests for Production indicating how the hundreds

of documents respond to the discovery requests." (Doc. 180 at 1–2.) Defendants argued Espinoza had failed to explain why no real updates or written production responses were provided, and submitted Espinoza's failure to "identify the facts supporting his claims or any documentation he has that support his factual allegations" "left the Court with no reasonable option other than to dismiss this action without prejudice based on Espinoza's continuing failure to prosecute this action or to comply with the Federal Rules or the Court's Orders under Fed. R. Civ. P. 37(b) and 41(b)." (Doc. 180 at 3.) Espinoza never replied, and objects now that he "was not afforded an opportunity to respond" because his motion for an extension of time to reply was not granted. (Doc. 200 at 3.) But Espinoza's motion for an extension of time to reply was granted the day after it was filed, and although he was given until November 20, 2019 to reply, he never did. (Docs. 182, 183.) On November 25, 2019, the Magistrate Judge denied Espinoza's motion to extend the time to complete his discovery responses, finding that the motion was delinquent and there was no excusable neglect justifying the failure to file on time. (Doc. 187.)

On November 12, 2019, Defendants filed the instant motion for sanctions. (Doc. 181.) Defendants argue Espinoza failed to comply with the Court's Order to respond to their discovery requests when he did not provide any meaningful additional responses, and the Court should issue an order for sanctions pursuant to Fed. R. Civ. P. 37(b)(2)(A). (Doc. 181 at 2–3.) Defendants submit that the most appropriate of the seven orders contemplated by the Rule is dismissal, because any other order "would merely be putting off the inevitable dismissal of this case in light of Espinoza's ongoing failure to prosecute his case according to the Federal Rules and Court's prior discovery Orders." (Doc. 181 at 3–4.)

Espinoza responded he complied with the Court's order by sending "three very-well organized manila envelopes … filled with discovery" to Defendants, and argued he was not able to provide anything else because prison staff "destroy[ed] and with[eld] his legal paperwork" and did not conduct legal box exchanges for six or seven weeks, "leaving Espinoza without access to about half of his legal work." (Doc. 189 at 2.) Espinoza argued financial sanctions or a stay would be more appropriate sanctions than dismissal. (Doc.

189.) Three days later, Defendants replied, arguing even if Espinoza's assertions about his case files were true, he had failed to identify the facts supporting his claim. (Doc. 191.) Espinoza objects to any consideration of the reply because he allegedly never received a copy. (Doc. 200 at 3.) Defendants note that delivery of the reply was not their responsibility, but the responsibility of Maricopa County. (Doc. 201 at 4 n.4.)

Having reviewed the matter de novo, the facts set forth in the R&R are correct. The R&R concludes Espinoza failed to comply with the Court's order willfully and in bad faith, and after weighing the five factors recommends the motion for sanctions be granted and the action be dismissed without prejudice.

## ANALYSIS

Where a party fails to obey an order to provide discovery, Federal Rule of Civil Procedure 37(b)(2)(A) contemplates several possible outcomes, including staying proceedings until the order is obeyed or dismissing the action. The Magistrate Judge specifically warned Espinoza his discovery "must be produced in a responsive manner, *i.e.* with the response to each request designating the documents being produced in response," and clearly stated it was "not sufficient to simply produce a 'stack of documents' and leave it to Defendants to discern which documents relate to which request." (Doc. 169 at 4.) Nonetheless, a stack of documents, with no written response to the interrogatories and no means for Defendants to identify which documents Espinoza contended were responsive to which request, is precisely what Espinoza produced. Thus, Espinoza has failed to comply with the Court's order to provide discovery.

The Court has broad discretion in selecting the appropriate sanction. *Von Brimer v. Whirlpool Corp.*, 536 F.2d 838, 843-44 (9th Cir. 1976). The R&R recommends dismissal. Before imposing this drastic sanction, the Court must first determine that Espinoza's non-compliance was due to willfulness, fault, or bad faith, and, if so, conduct a balancing test. *Fjelstad v. American Honda Motor Co.*, 762 F.2d 1334, 1337 (9th Cir.1985); *Henry v. Gill Indus., Inc.*, 983 F.2d 943, 948 (9th Cir. 1993).

Espinoza argues he did not willfully disobey the Court's order, or act in bad faith,

but rather "tried to the best of his abilities to comply." (Doc. 200 at 4.) Specifically, Espinoza argues that the stack of documents he produced to Defendants "should have been taken as responsive" to the discovery requests because "Defendants' legal counsel is not retarded and can easily understand the documents he was sent, as well as their meaning . . . [but] simply chose not to." (Doc. 200 at 4–5.) Espinoza also offers as a defense that Defendants refused to "allow him access to his files," but does not identify any particular documents needed, or identify a specific discovery request for which he lacked the information necessary to respond. (Doc. 200 at 7.) Espinoza's arguments are not persuasive. Espinoza willfully or in bad faith refused to comply with the Court's order when he "failed to provide *any* facts, even basic facts," made no explanation for his failure to respond to the interrogatories, and served only a stack of documents despite being specifically warned that this would not be sufficient. (Doc. 192 at 9.)

Having determined Espinoza's non-compliance was due to willfulness or bad faith, the Court must weigh five factors before imposing dismissal:

> (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.

*Henry*, 983 F.2d at 948 (9th Cir. 1993) (quoting *Porter v. Martinez*, 941 F.2d 732, 733 (9th Cir. 1991). Because the first two factors generally favor the imposition of sanctions, while the fourth cuts against a dismissal sanction, the key factors are prejudice and the availability of lesser sanctions. *Id.*

Espinoza's continued non-compliance with discovery orders prejudices Defendants. Without any written responses or meaningful document productions, Defendants are unaware of the facts on which Espinoza's claims are based, and would be able to rely only on the complaint's bare allegations at trial.

With regard to lesser sanctions, Federal Rule of Civil Procedure 37(b)(2) lists six sanctions that are less drastic than full dismissal: (i) making factual determinations, (ii) precluding evidence, (iii) striking pleadings, (iv) staying proceedings, (v) partial dismissal, and (vii) contempt. In his objections to the R&R, filed on March 12, 2020, Espinoza asserts

that he "very much wishes to produce the discovery Defendants request so the case can conclude," and expresses "a great desire to press this litigation to a conclusion." (Doc. 200 at 8.) But over five months have elapsed since Espinoza filed his objections, and over ten months have elapsed since the order compelling discovery was issued, yet Espinoza has failed to produce the discovery. Clearly, a further stay of proceedings would not induce compliance. Furthermore, given the history of this proceeding, and the nature of Espinoza's failures and their applicability to his claims, the R&R is correct that imposition of any of the remaining sanctions would be tantamount to a dismissal, or would render a trial futile. Finally, Espinoza was explicitly warned on multiple occasions that failure to fully and adequately respond to discovery "*will* result in sanctions," including dismissal, and that, "[g]iven the pervasive lack of response, the Court will be inclined more to dismissal," and still failed to respond adequately. (Docs. 169 at 5 (emphasis added), 102 at 3.)

Having weighed all five factors, the Court concludes the sanction of dismissal is appropriate. Rule 37(b)(C) also requires that, "instead of or in addition to" the sanction of dismissal, "the court must order the disobedient party . . . to pay the reasonable expenses, including attorney's fees, caused by the failure, unless . . . other circumstances make an award of expenses unjust." In their motion for sanctions, Defendants explain they "did not move for expenses, determining that an award would provide them with no practical relief," because "Espinoza is proceeding in this action as a pauper and is not known to have any financial assets." (Doc. 181 at 2.) Espinoza confirmed his indigent status in his objections to the R&R. (Doc. 200 at 8) ("[T]he Court concedes that [Espinoza's] indigent status is relevant to this matter.") The Court concludes that, in the specific circumstances of this cases, an award of expenses would be unjust.

Accordingly,

**IT IS ORDERED** the Report and Recommendation (Doc. 192) is **ADOPTED**.

**IT IS FURTHER ORDERED** Defendants' Motion for Sanctions (Doc. 181) is **GRANTED**.

…

**IT IS FURTHER ORDERED** as a sanction under Rule 37(b)(2)(A), Plaintiff's Complaint (Doc. 9) and this action are **DISMISSED WITHOUT PREJUDICE**.

Dated this 14th day of August, 2020.

Honorable Roslyn O. Silver
Senior United States District Judge